**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CALVIN GROSS**  **CIVIL ACTION**
**(D.O.C. #297030)**

**VERSUS**

**LYNN COOPER, WARDEN**  **NO. 05-1052-C-M2**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, July 19, 2007.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**CALVIN GROSS**                                          **CIVIL ACTION**
**(D.O.C. #297030)**

**VERSUS**

**LYNN COOPER, WARDEN**                      **NO. 05-1052-C-M2**

### MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

This matter is before the Court pursuant to a remand by the Fifth Circuit Court of Appeals for the limited purpose of determining whether the Court's previous dismissal of petitioner's habeas application on May 5, 2006 (R. Docs. 18 and 19) was in relation to petitioner's cocaine conviction, his marijuana conviction, or both. On August 26, 2005, petitioner, Calvin Gross ("Gross"), filed a habeas application wherein he challenges his conviction in the 21st Judicial District Court on one count of possession with the intent to distribute marijuana. Gross was convicted of that charge, following a jury trial, on October 4, 2001. On October 13, 2005, Gross filed an amended habeas petition in this matter, wherein he challenges his conviction in the 21st Judicial District Court on one count of distribution of cocaine. He was convicted of that charge, following a jury trial, on February 6, 2002. In his original and amended habeas petitions, Gross challenges his state court convictions on the ground that he was denied his constitutionally protected right to counsel and that a valid waiver of his right to counsel was not obtained.

On April 13, 2006, the undersigned issued a report and recommendation wherein it was recommended that petitioner's case be dismissed because petitioner "knowingly and

1

intelligently" waived his right to counsel, following colloquies with the state court trial judge, during pre-trial hearings on April 30, 2001 and June 11, 2001. In that report, however, the undersigned did not specify that the dismissal applied to both petitioner's marijuana conviction and his cocaine conviction. Instead, the undersigned only referred to the cocaine conviction challenged in Gross' amended petition and inadvertently confused the trial date for that conviction with the trial date for Gross' marijuana conviction. In response to the Fifth Circuit's remand, the undersigned has reviewed the state court record in this matter again and finds that the pre-trial hearings on April 30, 2001 and June 11, 2001, at which time Gross "knowingly and intelligently" waived his right to counsel, involved both petitioner's marijuana and cocaine trials. Accordingly, the Court's dismissal of Gross' habeas case also relates to both of those convictions.

## RECOMMENDATION

For the above reasons, it is recommended that this matter be returned to the Fifth Circuit Court of Appeal with a ruling clarifying that the Court's dismissal of Gross' habeas case on May 5, 2006 related to both his conviction on one count of possession with intent to distribute marijuana on October 4, 2001 and his conviction on one count of distribution of cocaine on February 6, 2002.

Signed in chambers in Baton Rouge, Louisiana, July 19, 2007.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**